IN THE UNITED STATES DISTRICT
COURT THE EASTERN DISTRICT OF
TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| Dewanna Johnson, Sheilla Nathan, | * | |
| Alonzo Tutson, Evora Sykes, Chanell Hobbs | * | |
| Revisha Silas, Evette Townsend, | * | |
| Plaintiffs, | * | |
| | * | Case No._4:25-CV-00418-ALM |
| v. | * | |
| | * | JURY DEMAND |
| Providence Homeowners Association, | * | |
| FirstService Residential Texas, Inc., | * | |
| Defendants. | * | |

DECLARATION OF LAURA B. BESHARA
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

My name is Laura B. Beshara, and I am an attorney representing the Plaintiffs in this case

along with my co-counsel Michael M. Daniel. I am executing this Declaration in support of

Plaintiffs' Motion for Class Certification.

Plaintiffs' counsel Laura Beshara and Michael Daniel meet the requisites for appointment

as class counsel for both of the proposed classes. Pursuant to Fed. R. Civ. P. 23 (g)(1)(A), the

Court must consider the following factors in this case for the appointment of class counsel: (i)

the work counsel has done in identifying or investigating potential claims in the action; (ii)

counsel's experience in handling class actions, other complex litigation, and the types of claims

asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that

counsel will commit to representing the class. The facts for these elements are set forth below.

**Rule 23(g)(1)(A)(i) - The work counsel has done in identifying or investigating
potential claims in the action demonstrates that Plaintiffs' counsel should be appointed
class counsel.**

Plaintiffs' counsel investigated and filed administrative Fair Housing Act complaints

after the June 2022 enactment of the ban on vouchers and the rental restrictions against the

1

Defendants on behalf of six aggrieved persons listed in the HUD Charge. HUD Final Investigative Report (FIR), pages 5, 141, 315-318, 358. These six aggrieved persons are Plaintiffs in this case.[1] Plaintiffs' counsel investigated and provided HUD with a "Statement of Evidence and Argument" with information that supported the Fair Housing Act claims of all the aggrieved persons. FIR pages 360 – 366.

Over the course of the HUD investigation, Plaintiffs' counsel provided HUD with numerous documents relevant to the claims of all the Complainants: FIR pages 367, 369, 373, 505-507, 940, 952.

Plaintiffs' counsel obtained the 1,003 page HUD Final Investigative Report (FIR) which includes much of the evidence upon which the HUD Charge and Determination of Reasonable Cause is based. Plaintiffs' counsel have used this evidence in drafting the complaint, the amended complaint and the class action related documents.

**Rule 23(g)(1)(A)(ii) – Plaintiffs counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action show that they should be appointed as class counsel.**

Plaintiffs' counsel have represented several plaintiffs' classes in class actions in their careers, including class actions with classes that included federal voucher tenants. The following are some class action cases by Plaintiffs' counsel.

Plaintiffs' counsel represented the plaintiff class in *Thompson ex rel. v. Raiford, et al.*, 1993 WL 497232 (N.D. Tex.1993), a nationwide class was certified as follows: All Medicaid-eligible children under age 72 months who are eligible to receive Early and Periodic Screening,

---

[1] The seventh Plaintiff, Ms. Dewanna Johnson, had filed her own HUD complaint that is listed in the Charge and retained Plaintiffs' counsel after HUD and the DOJ failed to file the federal lawsuit on behalf of the HUD complainants.

Diagnosis, and Treatment ("EPSDT") program services. The settlement in the case required the use of specific, medically approved lead toxicity screening and treatment measures for all children on Medicaid under the age of 72 months. *Thompson v. Raiford,* 1993 WL 497232, at **1 – 4. Plaintiff Thompson and the class were represented by Laura Beshara (lead counsel) and Michael Daniel.

Both Mr. Daniel and Ms. Beshara represented classes of public housing and Section 8 voucher tenants Dallas and in East Texas in two public housing desegregation cases that lasted several years from liability through remedial stages. In the Dallas case, Plaintiffs' counsel represented a public housing class consisting of "all black persons who are presently or who during the pendency of this Decree become either (a) residents of a DHA owned or managed project, or (b) participants in the DHA Section 8 Existing Housing Program" from 1987 on in *Walker v. U.S. Dept. of Hous. and Urb. Dev.*, 734 F. Supp. 1231, 1232 (N.D. Tex. 1989) and in proceedings up to and after the last reported opinion in *Walker*, 326 F. Supp. 2d at 773. This Dallas public housing desegregation case resulted in significant remedial actions by the three government defendants – HUD, the Dallas Housing Authority and the City of Dallas.[2] Plaintiffs' counsel continue to represent the *Walker* class in the remaining remedial issues involving the Dallas Housing Authority with the Amended Agreed Final Judgment entered in 2019. There are a few *Walker* Settlement Voucher tenants residing in Providence Village.

Plaintiffs' counsel represented the plaintiffs' class of black applicants for, and residents of, racially identifiable public housing in thirty-six East Texas counties in an action to require HUD to desegregate the de jure racially segregated HUD funded and supervised public housing

---

[2] A chronology of the remedies in that case is set out at Plaintiffs' counsels' website at https://www.danielbesharalawfirm.com/walker-v-hud-dallas-public-housing-desegregation.

in those counties. *Young v. Pierce*, 544 F. Supp. 1010, 1029 (E.D. Tex. 1982). The last reported

opinion in this class action was affirmed without opinion. *Young v. Cisneros*, 74 F.3d 1237 (5th

Cir. 1995) (Table). The final remedial order was entered in October 2003. The relief to the

*Young* class included first time air conditioning in public housing projects and other project

modernization, neighborhood improvements including paving of roads, water and sewer

improvements, as well as thousands of vouchers used for desegregated housing opportunities.

Plaintiffs' counsel represented a class of owners of single-family residences asserting

civil rights claims in *James v. City of Dallas, Tex.*, 254 F.3d 551, 565 (5th Cir. 2001); 2003 WL

22342799, at *1 (N.D. Tex., 2003), *aff'd sub nom. James v. City of Dallas Tex.*, 115 Fed. Appx.

205 (5th Cir. 2004) (unpublished). A class was certified of owners whose homes were

demolished by the City of Dallas without due process and a settlement remedy included removal

of demolition liens for hundreds of homeowners.

Plaintiffs' counsel successfully represented a Fed. R. Civ. P. 23(b)(2) class of

homeowners near or adjacent to the largest illegal landfill in Texas. *Cox. v. City of Dallas*, 256

F.3d 281, 287-88 (5th Cir. 2001); *Cox v. City of Dallas,* 1998 WL 34201869, at *2 (N.D. Tex.

Oct. 5, 1998) (class certification). The class relief is detailed in Order Concerning Compliance

with Modified Final Judgment, Dkt. #511, *Cox v. City of Dallas*, *Tex.*, 3:98-cv-00291-H, (N.D.

Tex. 2006). The injunctive relief obtained against the City of Dallas remedied the illegal landfill

and directed the site to become the Trinity River Audubon Center.

Plaintiffs' counsel represented a Fed. R. Civ. P. 23(b)(2) class and a Fed. R. Civ. P.

23(b)(3) class seeking injunctive relief and damages from the owner of a low income assisted

housing project and the housing authority that was providing the subsidy for the project. The

Rule 23(b)(3) class was composed of African Americans who resided at the Robin Square

Apartments during a 2-year period when the housing authority provided a subsidy to the owner. *Banks v. Dallas Hous. Auth.*, 1998 WL 328629, at *1 (N.D. Tex. 1998) (class certification). The claims were based on racial segregation and unequal conditions maintained as a condition of the racial segregation. *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 606-607 (5th Cir. 2001).

**Rule 23(g)(1)(A)(iii) – Plaintiffs' counsel have knowledge of the applicable law in this case.**

Plaintiffs' counsel have knowledge of the substantive and procedural law involved in this case. Plaintiffs' counsel have represented other plaintiffs in other complex federal court litigation asserting similar types of Fair Housing Act claims asserted in this action. These cases include the public housing/voucher desegregation class action cases listed above. Plaintiffs counsel's knowledge of the applicable law includes the following cases. In *Texas Dept. of Hous. and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 525 (2015), Plaintiffs' counsel represented the Inclusive Communities Project, Inc. in this case in which the U.S. Supreme Court determined that disparate-impact claims are cognizable under the Fair Housing Act.

In *Inclusive Communities Project, Inc. v. U.S. Dept. of Hous. and Urb. Dev.*, No. 3:07-CV-0945-O, 2009 WL 3122610, at *4 (N.D. Tex. 2009), Plaintiffs' counsel represented the Inclusive Communities Project, Inc. in a suit to require HUD to use smaller rental housing market areas of zip codes, instead of a large multi-county region, as a basis for determining rents for voucher tenants that would result in higher rental rates in higher opportunity areas of the Dallas region, thereby expanding opportunities for low-income African American families to obtain Section 8 housing in those areas.

Plaintiffs' counsel represented the Inclusive Communities Project in a case involving the Heartland Community Association, another homeowners' association, rules prohibiting leasing

5

to federal vouchers. In an unpublished opinion, *Inclusive Communities Project v. Heartland Community Association.*, 824 Fed. Appx. 210 (5th Cir. 2020), the Fifth Circuit upheld the dismissal of the case. Plaintiffs' counsel contend that the HUD Charge of Discrimination sets forth the facts that differentiate this case from the unpublished *Heartland* case.

Plaintiffs' counsel represented the Inclusive Communities Project in the case against private landlords who had a policy of refusing to lease to federal voucher tenants. The Fifth Circuit upheld the dismissal of the complaint. This case is *Inclusive Communities, Inc. v. Lincoln Properties Co., et al.,* 920 F.3d 890 (5th Cir. 2019), *petition for reh'g denied*, 930 F.3d 660 (5th Cir. 2019), *cert. denied*, —— U.S. ——, 140 S.Ct. 2506 (2020).

**Rule 23(g)(1)(A)(iv) - The resources that counsel will commit to representing the class is sufficient.**

The resources that counsel will commit to representing the class are the attorney, paralegal, and investigative resources necessary to provide the required quality of representation. The resources include reasonable amounts of litigation expenses. Both sets of resources will take into account the existing case investigation, discovery, and legal analysis conducted by the HUD during the investigation of the Fair Housing Act administrative complaints and made the basis of the factual conclusions in HUD's Charge. This record is collected and summarized in the Departments Final Investigation Report. This 1,000 page Report summarizes the evidence in HUD's 10,000 page record.

The Final Investigation Report provides a starting point seldom available in a private party lawsuit. The record includes depositions, interviews, collections of emails, and other relevant documents. Plaintiffs' counsel do not need to commit the resources necessary to duplicate these records. These materials including the findings are not excluded by the hearsay rule and are usually admissible. Fed. R. Evid. 803(8).

6

**Other matters pertinent to class certification**

Other matters may be considered by the Court pursuant to Fed. R. Civ. P. 23(g)(1)(B). In this case, HUD and the Department of Justice failed to file a lawsuit on behalf of the 53 Complainants and other aggrieved parties covered by HUD's Charge of Discrimination against the Defendants. Dkt. #11-1. This has left these Complainants and the voucher tenants in Providence Homeowners Association without a litigation remedy for the government's finding of discrimination. Class certification is an effective means for these complainants and tenants to pursue the litigation that is common to the class members.

**Rule 23(g)(4) – Duty of Class Counsel**

Plaintiffs' counsel intend to fairly and adequately represent the interests of the class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 5th day of September 2025.

*Laura B. Beshara*
Laura B. Beshara

7

Respectfully Submitted,

s/ *Laura B. Beshara*

Laura B. Beshara
State Bar No. 02261750
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: laurabeshara@swbell.net

Lead Counsel for Plaintiffs

Michael M. Daniel
State Bar No. 05360500
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: daniel.michael@att.net

Attorneys for Plaintiffs

## Certificate of Service

I certify that on September 5, 2025, I electronically filed this document with the Clerk of the U.S. District Court for the Eastern District of Texas using the electronic case filing system. This was also the method of service of this document upon counsel for the other parties in this case.

s/ Laura B. Beshara
Laura B. Beshara
Lead Attorney

8