# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DEWANNA JOHNSON, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:25-cv-418 |
| PROVIDENCE HOMEOWNERS | § | Judge Mazzant |
| ASSOCIATION and FIRSTSERVICE | § | |
| RESIDENTIAL TEXAS, INC., | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

Pending before the Court is Dallas Housing Authority's Motion to Quash or Modify Defendant FirstService Residential Texas, Inc's Non-Party Subpoena (Dkt. #71) (the "Motion"). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

This case is one of three related housing discrimination cases before the Court. The factual background is more thoroughly set forth in the Court's January 5, 2026 Memorandum Opinion and Order (Dkt. #88). On December 1, 2025, the Dallas Housing Authority ("DHA"), a non-party, moved to quash or modify a subpoena served by Defendant FirstService Residential Texas, Inc. ("FirstService") (Dkt. #71). Plaintiffs filed a response in support of the Motion, and FirstService filed a response in opposition (Dkt. #83; Dkt. #86). DHA filed a reply, and FirstService filed a sur-reply (Dkt. #94; Dkt. #99).

The Motion asserts undue burden as a ground to quash or modify the subpoena. FirstService seeks all files, documents, communications, and lists related to any Program

Participants[1] DHA placed in Providence Village and in the areas covered by Defendant Providence Homeowners Association.

The parties debate several issues, including the technological limitations of DHA's client management system, the weight the Court should give to this putative class action's pre-certification status, the weight of DHA's non-party status, and the merits of DHA's privacy concerns for Program Participants based on the Violence Against Women Act and other statutes. They also debate whether FirstService should pay DHA's attorney's fees for allegedly failing to take reasonable steps to avoid an undue burden on DHA.

As an alternative to quashing the subpoena, DHA offers to produce a spreadsheet providing each Program Participants' "identification number, sex, voucher size, census tract, race, ethnicity, program admission date, Providence Village address, move-in and move-out dates from the PHOA geographic boundary (if applicable), and landlord name" (Dkt. #71 at p. 8).

After considering the arguments, the Court finds that, at this stage, producing the spreadsheet adequately balances potential hardship to DHA as a non-party and FirstService's interest in obtaining relevant discovery. *See, e.g.*, *Westinghouse Elec. Corp. v. Carolina Power & Light Co.*, No. CIV. A. 91-4288, 1992 WL 300796, at *4 (E.D. La. Sept. 22, 1992) (explaining that district courts analyzing a motion to quash a non-party subpoena "must balance the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena . . . ." (citation modified)). If a class action is certified, the Court will consider whether FirstService is entitled to all other documents requested in its subpoena.

---

[1] "Program Participants" refers to voucher holders that DHA helped place in areas covered by PHOA. Plaintiffs allege that Defendants enacted a voucher-holder rental ban with discriminatory intent. For background on the Section 8 program, see *Inclusive Communities Project, Inc. v. Lincoln Property Co.*, 920 F.3d 890, 900–01 (5th Cir. 2019).

2

As to DHA's request for attorney's fees, the Court is unpersuaded that it should depart from the general rule that non-parties are required to pay for the costs of complying with a subpoena. *See Shields v. Eleveated Energy Sols., LLC*, No. 3:19-CV-00390, 2020 WL 5658499, at *2 (S.D. Tex. Sept. 23, 2020) (collecting cases). A Rule 45 sanction is required only if the requesting party fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1); *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 459 (N.D. Tex. 2015) (modifying subpoena but declining to impose Rule 45(d)(1) sanction). Here, FirstService took reasonable steps by limiting the relevant time period for its requests. The subpoena defines "Program Participant" to include "those who currently reside in Providence Village and those who resided in Providence Village at any time since the time of the enactment of the Rental Rules," which were enacted in "June 2022" (Dkt. #71 at p. 14). Based on this limitation and the relevance of the evidence sought, the Court finds that a Rule 45(d)(1) sanction is unwarranted.

\* \* \*

It is therefore **ORDERED** that Dallas Housing Authority's Motion to Quash or Modify Defendant FirstService Residential Texas, Inc's Non-Party Subpoena (Dkt. #71) is **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** FirstService's subpoena is **MODIFIED** to require DHA to produce only a spreadsheet identifying the identification number, sex, voucher size, census tract, race, ethnicity, program admission date, Providence Village address, move-in and move-out dates from the PHOA geographic boundary (if applicable), and landlord name of Program Participants.

It is further **ORDERED** that DHA's request for attorney's fees is **DENIED**.

3

**IT IS SO ORDERED.**

**SIGNED this 19th day of February, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4