**IN THE UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DEWANNA JOHNSON *ET AL.*** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CASE NO. 4:25-CV-00418** |
| | § | |
| **PROVIDENCE HOMEOWNERS** | § | **JURY DEMAND** |
| **ASSOCIATION, FIRSTSERVICE** | § | |
| **RESIDENTIAL TEXAS, INC.** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS'**
**SUPPLEMENTAL MOTION TO APPOINT CLASS COUNSEL**

TO THE HONORABLE COURT:

Defendants FirstService Residential Texas, Inc. ("FirstService") and Providence

Homeowners Association, Inc. ("PHOA") (collectively, "Defendants") respectfully and jointly

submit this Response to Plaintiffs' Supplemental Motion to Appoint Class Counsel [Doc. 102],

and show the Court as follows:

1.      Plaintiffs' original motion for the appointment of class counsel is contained within

Plaintiffs' Motion for Class Certification. *See* Doc. 37, at 21 ("Plaintiffs' counsel moved for

appointment as class counsel per Rule 23(g)"). By their Supplemental Motion, Plaintiffs seek to

add class counsel from the NAACP Legal Defense & Educational Fund, Inc. ("LDF Counsel").

2.      Once again, Defendants have no objection to the qualifications or experience of

LDF Counsel. Defendants oppose the Supplemental Motion, however, because the appointment of

class counsel is premature and unnecessary, given that no class can or should be certified.

Defendants jointly incorporate, as if fully set forth herein, their Joint Response to Plaintiffs'

Motion for Class Certification [Doc. 53], and their Joint Sur-Reply to Plaintiffs' Reply in Support

of Motion for Class Certification [Doc. 74]. In the absence of a class, the appointment of class counsel is not required.

3.      Rule 23(g) requires the appointment of class counsel only upon certification of a class, which has not yet occurred. *See* Fed. R. Civ. P. 23(g)(1) ("Unless a statute provides otherwise, a court that certifies a class must appoint class counsel."). The Court in its discretion could appoint interim class counsel if necessary. *See* Fed. R. Civ. P. 23(g)(3). However, Plaintiffs' Supplemental Motion does not request the appointment of LDF Counsel and/or Plaintiffs' original counsel as interim class counsel prior to certification.

4.      In an abundance of caution, Defendants would also show that the appointment of interim class counsel is not appropriate, for several reasons. First, Plaintiffs would bear the burden of affirmatively proving interim class counsel is necessary. *See, e.g., Gedalia v. Whole Foods Mkt. Servs. Inc.*, No. 4:13-CV-03517, 2014 U.S. Dist. LEXIS 137427, *4, 2014 WL 4851977 (S.D. Tex. Sept. 29, 2014) ("Plaintiffs have not shown why the class is prejudiced by the absence of interim counsel."); *Carrier v. Am. Bankers Life Assur. Co. of Florida*, 05-CV-430-JD, 2006 U.S. Dist. LEXIS 76346, *3, 2006 WL 2990465 (D.N.H. Oct. 19, 2006) (denying motion for interim counsel where movant failed to provide "any concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class"). Plaintiffs have not met this burden, and Plaintiffs have made no effort to do so.

5.      Second, interim counsel is appointed only when specific circumstances arise that require such counsel, such as overlapping, duplicative, or competing class actions; rivalry or uncertainty among attorneys; or an abundance of complex pre-certification activities. *See, e.g., Lee v. Samsung Elecs. Am., Inc.*, 2023 U.S. Dist. LEXIS 37025, *9-13, 2023 WL 2328442 (S.D. Tex. Feb. 3, 2023) (discussing when the appointment of interim class counsel is appropriate and

2

affirming that it is plaintiffs' burden to establish why that is the case). No such circumstances exist. Here again, Plaintiffs have not met this burden, and Plaintiffs have made no effort to do so.

6.      In the unlikely event that a class is certified — and it should not be for the reasons expressed in Defendants' Joint Response to Plaintiffs' Motion for Class Certification [Doc. 53] and Joint Sur-Reply to Plaintiffs' Reply in Support of Motion for Class Certification [Doc. 74] — Defendants respectfully submit that the Court can address at that time in its discretion whether the addition of LDF Counsel would be warranted.  *See, e.g., In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 U.S. Dist. LEXIS 194964, *40 n.18, 2020 WL 6161495 (E.D. Tex. Oct. 21, 2020) ("And whether there are multiple applicants to serve as class counsel—or even just one— courts are not required to appoint a specific applicant—or any of the applicants at all.").

7.      In the meantime, however, Plaintiffs' Supplemental Motion should be denied or, alternatively, held in abeyance and not considered prior to any decision on class certification, if any.

ACCORDINGLY, Defendants FirstService and PHOA respectfully ask the Court to deny Plaintiffs' Supplemental Motion to Appoint Class Counsel and/or grant Defendants any other relief to which they are justly entitled.

Respectfully submitted,

/s/ *Roger L. McCleary*
Roger L. McCleary (SBOT: 13393700)
rmccleary@pmmlaw.com
James C. Burnett (SBOT: 24094025)
jburnett@pmmlaw.com

PARSONS MCENTIRE MCCLEARY PLLC
One Riverway, Suite 1800
Houston, Texas 77056
(713) 960-7315 (Telephone)
(713) 960-7347 (Facsimile)

3

**COUNSEL FOR DEFENDANT
FIRST SERVICE RESIDENTIAL
TEXAS, INC.**

*/s/ David A. Talbot*\*
Sarah R. Smith (SBOT: 24056346)
Sarah.Smith@dinsmore.com
David A. Talbot (SBOT: 24037580)
David.Talbot@dinsmore.com

DINSMORE
JPMorgan Chase Tower
600 Travis St., Suite 7350
Houston, Texas 77002
Telephone: 346-293-7878
Facsimile: 346-293-7877

**COUNSEL FOR DEFENDANT
PROVIDENCE HOMEOWNERS
ASSOCIATION, INC.**

**\*Signed by Permission**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record has been served with the foregoing document though PACER, as authorized by the Federal Rules of Civil Procedure on this 30th day of March, 2026:

Laura B. Beshara
State Bar No. 02261750
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
laurabeshara@swbell.net

Michael M. Daniel
State Bar No. 05360500
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Daniel.michael@att.net

**Attorneys for Plaintiffs**

Sarah R. Smith
Attorney-In-Charge
Texas State Bar No. 24056346
Email: Sarah.Smith@dinsmore.com
David A. Talbot
Texas State Bar No. 24037580
Email: David.Talbot@dinsmore.com
DINSMORE & SHOHL LLP
JPMorgan Chase Tower
600 Travis St., Suite 7350
Houston, Texas 77002
Telephone: 346-293-7878
Facsimile: 346-293-7877

**ATTORNEYS FOR DEFENDANT
PROVIDENCE HOMEOWNERS
ASSOCIATION, INC.**

4

5

Morenike Fajana
Elizabeth Caldwell
Amira Perryman
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., FL 5,
New York, NY 10006
212-217-1690
mfajana@naacplf.org
bcaldwell@naacpdlf.org
aperryman@naacpldf.org

Maydrian Strozier-Lowe
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
2012-249-2187
mstrozier-lowe@naacpldf.org

**Proposed Class Counsel**

<u>/s/ Roger L. McCleary</u>
Roger L. McCleary

3224061.1