IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEWANNA JOHNSON *ET AL.*, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | **CASE NO. 4:25-CV-00418-ALM** |
| PROVIDENCE HOMEOWNERS | § | |
| ASSOCIATION, FIRSTSERVICE | § | |
| RESIDENTIAL TEXAS, INC. | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF JOINT MOTION TO
CONSOLIDATE FOR FURTHER DISCOVERY AND TRIAL ON LIABILITY**

TO THE HONORABLE COURT:

Defendants FirstService Residential Texas, Inc. ("FirstService") and Providence Homeowners Association, Inc. ("PHOA") (collectively, "Defendants") have asked the Court to consolidate this case with two others  arising out of the same alleged conduct, for purposes of further discovery and trial: No. 4:25-CV-00418-ALM ("*Denton*") and No. 4:25-CV-00467-ALM ("*McKinney*"). Plaintiffs have filed a Response in Opposition to Defendants' Joint Motion to Consolidate for Further Discovery and Trial on Liability (Doc. No. 125) (hereinafter "Response"), and Defendants reply as follows:

1.      The Court has broad discretion to consolidate actions pending before it which involve common questions of law and fact. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). These three cases involve the same underlying facts, the exact same Defendants, and nearly identical claims of housing discrimination. *See* Doc. No. 125, at 4 ("… *McKinney* and *Denton* arise from the same general controversy … and related conduct"). Nonetheless, Plaintiffs opposes consolidation of *any* kind, whether only for discovery or trial.

2.      Plaintiffs suggest, for example, that consolidation for discovery purposes "would require coordinating across three separate actions with different plaintiffs and different injury theories—adding complexity rather than reducing it." Doc. No. 125, at 10. And yet, consolidation by definition means coordinating different cases, and it is well understood that where all plaintiffs are pursuing related causes of action arising out of the same underlying facts, consolidation for discovery purposes "will conserve judicial resources and avoid the risk of inconsistent rulings on certain matters, such as claims of privilege and/or confidentiality, and reduce the parties' expenses by avoiding duplicative discovery, such as duplicative depositions." *Wells v. Robinson Helicopter Co.*, 2013 U.S. Dist. LEXIS 191601, *4, 2013 WL 11836758 (S.D. Miss. Mar. 15, 2013). That is certainly the case here.

3.      Indeed, it is not uncommon for courts to consolidate cases for purposes of discovery only and defer consideration of separate trials. *See, e.g., Moore v. LaSalle Corr., Inc.*, 2017 U.S. Dist. LEXIS 40618, *8, 2017 WL 1089195 (W.D. La. 2017 ) (consolidating for "pre-trial discovery purposes only" since "it is too early to determine whether the consolidation would result in a conflict of interest and resulting prejudice"); *Wells*, 2013 U.S. Dist. LEXIS 191601, at *4 (consolidating for discovery purposes and deferring consideration of separate trials); *Blasko v. Wa. Metropolitan Area Transit Authority*, 243 F.R.D. 13, 16 (D. D.C. 2007) (consolidating for discovery since "the suits are both in their nascent stages and have common parties and allegations," but deferring consideration of separate trials); *Davis v. Heritage Crystal Clean, LLC*, 2011 U.S. Dist. LEXIS 42458, *5, 2011 WL 1483167 (E.D. Tenn. Apr. 19, 2011) (same).

4.      Consolidating these cases for purposes of discovery and trial inarguably will save judicial resources, with no prejudice to Plaintiffs. The three cases, all pending before this Court, are not merely related but nearly identical. For example, there is no good reason for three separate

2

trials on the main issue in these cases: whether the Section 8 Prohibition enacted by Defendant PHOA was enacted with discriminatory intent. Having three separate trials on the main and case dispositive issue would result in a risk of inconsistent rulings and a waste of time and resources for both the Court and the parties.

5.      In fact, Plaintiffs are hard-pressed to explain why separate liability trials would not be appropriate (and does not even attempt to establish prejudice), and instead largely focus on why Plaintiffs' alleged *damages* are different from those of the other Plaintiffs. *See, e.g.*, Doc. No. 125, at 2 ("the actions proceed under different theories of injury and damages"); 5 ("*McKinney* and *Denton* were brought by institutional plaintiffs asserting organizational and resource-diversion injuries"); 7 ("[a]ll three actions … proceed under materially different theories of injury and damages").

6.      The fact that each Plaintiff may have distinct damages is why Defendants are proposing separate trials on damages. Separate trials on damages will avoid any jury confusion regarding the plaintiff's respective positions. Bifurcation into separate trials of liability and damages is a "common tool" used by federal courts "in a wide array of civil cases." *Equal Emp't Opportunity Comm'n v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791, 800 (5th Cir. 2016). *See also Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 424 (5th Cir. 1990) ("separation of issues of liability from those relating to damages is an obvious use for Rule 42(b)"). Likewise, ordering separate phases of the same trial, if preferable, is also common. Rule 42(b) permits courts to phase a case into separate trials on distinct issues if it would be convenient to do so, which "reduces any problem of evidentiary overlap." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 117 (E.D. La. 1992) ("[T]he Court finds that it can promote the goals of judicial economy and quicker resolution of the case if it maintains one discovery track and one trial, but

takes liability issues first, and then proceeds, if necessary, to damages").

7.    Other than pointing to "different theories of injury and damages," Plaintiffs also assert that, because this case is currently a putative class action, consolidation with *McKinney* and *Denton* would not be appropriate. *See, e.g.*, Doc. No. 125, at 9-10 ("the case also has a pending class certification motion that could substantially shape the remainder of the litigation."). The class certification analysis and briefing in this case is already complete, however, and ripe for determination (subject to the upcoming oral hearing). Any further consideration of class issues will not significantly delay or otherwise impede the progress of the *McKinney* and *Denton* cases.

8.    The bottom line is that this case, *Denton,* and *McKinney* all have substantively identical liability issues of law and fact and, in the absence of consolidation, Defendants will be effectively required to try the same liability case three separate times – with the avoidable prospect (through consolidation for trial on liability) of fundamentally inconsistent results.

9.    These three cases can be more efficiently resolved with consolidated discovery for continued depositions (expert and fact) and only a single determination of liability. Accordingly, Defendants respectfully ask the Court to exercise its considerable discretion and grant the Joint Motion to Consolidate, which will assure the efficient handling and discovery of these related matters.

Respectfully submitted,

/s/ Roger L. McCleary
Roger L. McCleary
(SBOT: 13393700)
rmccleary@pmmlaw.com
James C. Burnett (SBOT: 24094025)
jburnett@pmmlaw.com

PARSONS MCENTIRE MCCLEARY

4

PLLC
One Riverway, Suite 1800
Houston, Texas 77056
(713) 960-7315 (Telephone)
(713) 960-7347 (Facsimile)

**COUNSEL FOR DEFENDANT**
**FIRST SERVICE RESIDENTIAL**
**TEXAS, INC.**

*/s/ David A. Talbot* *_____
Sarah R. Smith (SBOT: 24056346)
Sarah.Smith@dinsmore.com
David A. Talbot (SBOT: 24037580)
David.Talbot@dinsmore.com

DINSMORE
JPMorgan Chase Tower
600 Travis St., Suite 7350
Houston, Texas 77002
Telephone: 346-293-7878
Facsimile: 346-293-7877

**COUNSEL FOR DEFENDANT**
**PROVIDENCE HOMEOWNERS**
**ASSOCIATION, INC.**

*Signed by Permission

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the following counsel of record has been served with the foregoing document though PACER, as authorized by the Federal Rules of Civil Procedure on this 19th day of May 2026:

Laura B. Beshara
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
laurabeshara@swbell.net

Michael M. Daniel
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
Daniel.michael@att.net

5

Morenike Fajana
Elizabeth Caldwell
Amira Perryman
NAACP Legal Defense & Educational Fund, Inc.
40 Rector St., FL 5,
New York, NY 10006
mfajana@naacplf.org
bcaldwell@naacpdlf.org
aperryman@naacpldf.org

Maydrian Strozier-Lowe
NAACP Legal Defense & Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
mstrozier-lowe@naacpldf.org

*/s/ Roger L. McCleary*
Roger L. McCleary