IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Dewanna Johnson, Sheilla Nathan, | * | |
| Alonzo Tutson, Evora Sykes, Chanell Hobbs | * | |
| Revisha Silas, Evette Townsend, | * | |
| Plaintiffs, | * | |
| | * | Case No. 4:25-CV-00418-ALM |
| | * | |
| v. | * | JURY DEMAND |
| | * | |
| Providence Homeowners Association, | * | |
| FirstService Residential Texas, Inc., | * | |
| Defendants. | * | |

PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF
JOINT MOTION TO STRIKE DR. SHANNON VAN ZANDT'S TESTIMONY

Plaintiffs file this Sur-Reply to Defendants' Reply Brief in Support of Joint Motion to Strike Dr. Shannon Van Zandt's Testimony, Dkt. # 129. Defendants' Reply asserts that Dr. VanZandt's expert testimony is unreliable by stating that her opinions are tied to robust causation, which is an element of disparate impact liability. This is inaccurate. Plaintiffs have already asserted that Dr. VanZandt's testimony will not be used to demonstrate disparate impact claims as those claims have been dismissed. Defendants also mistakenly argue that the *Arlington Heights* factor of whether the impact of the official action bears more heavily on one race than another does not include statistical evidence. Finally, Defendants erroneously assert that the HUD Charge of Discrimination, the HUD Determination of Reasonable Cause, and the HUD Final Investigative Report (FIR) lack reliability because HUD's Office of General Counsel withdrew the referral of the HUD case to the Department of Justice. The withdrawal did not change the status of the HUD Charge. The HUD Charge remains an active Charge. Plaintiffs' Ex. 1, (Barnes August 2025 email), Plaintiffs' Ex. 2 (Barnes March 19, 2026, email). For the reasons below, Defendants' Reply arguments are invalid.

1

**1.  Dr. VanZandt's expert opinion is not tied to a showing of "robust causation."**

Dr. VanZandt's expert testimony concerns the statistical impact of the Defendants' enactment of the rental ban on Section 8 vouchers. Part of this testimony includes showing that her statistical findings are significant. As stated in Plaintiffs' Response, some sections of her expert report, which was disclosed prior to the Court's dismissal of the disparate impact claims, are no longer being presented as testimony that will be used in the case since the disparate impact claims have been dismissed. Plaintiffs' Response, Dkt. #119, pp.1, 2 - 3.  However, one remaining section of her expert confirms the significance of her statistical findings. Expert Report, Section 3., Dkt. #112-1, pp. 8, 9. Defendants argue that since this section of her report is under the "Robust Causation" section that this means that Dr. VanZandt is continuing to assert an opinion on disparate impact liability. This is not the case. Instead, Plaintiffs have made it clear that robust causation and disparate impact liability are not what Dr. VanZandt's testimony is being used for in this case and that her opinions are only tied to disparate treatment. Dkt. #119, pp. 5–9.

Dr. VanZandt's testimony is relevant to the *Arlington Heights* element of whether an official action bears more heavily on one race than another. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977). Dr. VanZandt is a statistical expert, and her report indicates the significance of her statistical findings. The section of her report that indicates the statistical significance comes under the heading "Robust Causation" but is not being used to prove any disparate impact claims. Again, Dr. VanZandt's report was disclosed prior to the dismissal of the disparate impact claims and Plaintiffs have repeatedly stated that they are not using Dr. VanZandt to resurrect those claims. The reason that the strength of the statistical analysis was originally in the "Robust Causation" section of Dr. VanZandt's report is

because that is one of the four different tests to show that a policy robustly causes a disparate impact. *Inclusive Cmtys. Project v. Lincoln Prop. Co.*, 920 F.3d 890 (5th Cir. 2019). This is the test from the majority opinion in *Reyes v. Waples Mobil Home Park*, 903 F.3d 415, 25, 428-29 (4th Cir. 2018), that statistical disparities were sufficiently substantial that the Fifth Circuit sets out in *Lincoln* as one of the four tests. *Inclusive Cmtys. Project v. Lincoln Prop. Co.*, 920 F.3d at 904-905.

The strength of the statistics remains valid to her testimony that the statistics show that the official action banning rental vouchers bears more heavily on one race than another. Plaintiffs are offering this section of Dr. VanZandt's report for the strength of her statistical analysis and not for any findings of robust causation or to provide proof for disparate impact claims. Plaintiffs only use Dr. VanZandt's testimony for the *Arlington Heights* factor that the Defendants' action banning vouchers bears more heavily on one race than another.

### 2. The Fifth Circuit rule is that a policy can give rise to actionable disparate treatment.

Defendants' Reply states that Dr. VanZandt's opinion "improperly conflates the inference under *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977) with whether the policy itself caused a disparate impact on Black Section 8 Voucher Holders." Dkt. # 129, p. 3. This argument fails as the Fifth Circuit holds that a race-neutral policy can provide evidence of disparate treatment. In *Lincoln Property*, the Fifth Circuit explained that "so long as the requisite discriminatory intent is present, a seemingly race-neutral policy can give rise to actionable disparate treatment." *Inclusive Cmtys. Project v. Lincoln Prop. Co.*, 920 F.3d at 910. This Court held the same in this case. *Johnson v. Providence Homeowners Ass'n*, No. 4:25-CV-418, 2026 WL 27191, at *14-15 (E.D. Tex. Jan. 5, 2026). Dr. VanZandt's statistical evidence of the impact of the policy on Black voucher tenants is relevant evidence under *Arlington Heights*

and Defendants do not address any of the authority cited by Plaintiffs' Response, Dkt. # 119, pp. 5-9, that it is relevant evidence. *See Ave. 6E Invs. LLC v. City of Yuma*, 818 F.3d 493, 504 (9th Cir. 2016); *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 606 (2d Cir. 2016); *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1166 (9th Cir. 2013); *Greater New Orleans Fair Housing Action Center v. St. Bernard Parish*, 641 F.Supp.2d 563 (E.D. La. 2009).

Defendants argue that more evidence is needed than statistical evidence for the *Arlington Heights* factor that the action bears more heavily on one race than on another. However, the evidence for this particular *Arlington Heights* factor usually "involves statistical data supporting either a finding of perpetuation of segregation or of disproportionate impact." *Jim Sowell Const. Co. v. City of Coppell*, 61 F. Supp. 2d 542, 547 (N.D. Tex. 1999). This statistical evidence of unequal treatment supplies sufficient evidence for this one *Arlington Heights* factor, which is simply one factor that along with the totality of the other evidence can demonstrate disparate intent. *Inclusive Communities Project v. Town of Flower Mound, Tex.*, No. 4:08-CV-433, 2010 WL 2635292, at *10 (E.D. Tex. June 4, 2010). The statistical evidence alone is relevant for the *Arlington Heights* factor on impact, and Dr. VanZandt's expert opinion on the statistical impact and the strength of that impact is extremely relevant evidence. *Village of Arlington Heights*, 429 U.S. at 266; *Lincoln Property*, 920 F.3d at 910.

### 3. Defendants fail to show that the HUD Charge, Determination of Reasonable Cause and Final Investigative Report are unreliable.

Defendants fail to address the extensive Fifth Circuit authority cited in Plaintiffs' Response, Dkt. #119, pp. 7-8, demonstrating the reliability and admissibility of HUD's Charge, HUD's Determination of Reasonable Cause and Final Investigative Report. Instead, Defendants provide an email claiming that HUD's withdrawal of the referral of the Charge to the Department of Justice means that the Charge, Determination of Reasonable Cause and the FIR

4

are unreliable. Dkt. # 129, p. 5. There is nothing in the HUD email to show that the Charge, Determination of Reasonable Cause, or the FIR are unreliable. Dkt. # 129-1, Ex. 1 to Reply. In fact, emails with HUD investigators since that time indicate that HUD considers the Charge to still be effective. Plaintiffs' Ex. 1 (Barnes August 2025 email). As of March, of this year, HUD continues to state that "the case is still open and charged." Plaintiffs' Ex. 2.

Defendants make no other arguments concerning the reliability of the HUD Charge, HUD Determination of Reasonable Cause and the FIR. This does not meet the Defendants' burden to prove the inadmissibility of the report. *Moss v. Ole S. Real Est., Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991).

### 4. Conclusion

Defendants have presented no viable arguments to Plaintiffs' Response, nor have they addressed the authorities cited in that Response. Defendants' Motion to Strike the testimony of expert Dr. Shannon VanZandt should be denied.

Respectfully submitted,

s/ Laura B. Beshara
Laura B. Beshara
State Bar No. 02261750
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: laurabeshara@swbell.net
Lead Attorney for Plaintiffs

Michael M. Daniel
State Bar No. 05360500
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596

E-mail: daniel.michael@att.net

Lauren Carbajal**
Amira Perryman**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., FL 5,
New York, NY 10006
(212) 217-1690
lcarbajal@naacpldf.org
aperryman@naacpldf.org

Jason Bailey**
Maydrian A. Strozier-Lowe*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 249-2187
jbaliey@naacpldf.org
mstrozier-lowe@naacpldf.org
*admitted pro hac vice
** pro hac vice admission forthcoming

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served counsel for Defendants with the foregoing document though PACER, as authorized by the Federal Rules of Civil Procedure on May 26, 2026.


s/ Laura B. Beshara
Laura B. Beshara
Lead Attorney for Plaintiffs

6