# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

DEWANNA JOHNSON, *et al.*, §
§
     *Plaintiffs,* §
§
v. §
§
§ Civil Action No. 4:25-cv-418
FIRSTSERVICE RESIDENTIAL § Judge Mazzant
TEXAS, INC., §
§
     *Defendant.* §
§

MCKINNEY HOUSING AUTHORITY, §
§
     *Plaintiff,* §
§
v. §
§
§ Civil Action No. 4:25-cv-467
FIRSTSERVICE RESIDENTIAL § Judge Mazzant
TEXAS, INC., §
§
     *Defendant.* §
§

DENTON HOUSING AUTHORITY, §
§
     *Plaintiff,* §
§
v. §
§ Civil Action No. 4:25-cv-774
FIRSTSERVICE RESIDENTIAL § Judge Mazzant
TEXAS, INC., §
§
     *Defendant.* §
§

## ORDER

Pending before the Court are several motions to consolidate the above styled cases, which the Court considers in tandem (the "Motions"). Having considered the Motions and the relevant pleadings, the Court finds that the Motions should be granted in part and denied in part.

This set of housing discrimination cases arise from the enactment of allegedly discriminatory rental restrictions in Providence Village.[1] Two plaintiffs are housing authorities, and seven plaintiffs are current or former tenants. A property management company is the sole defendant in all three cases. It moved to consolidate the cases for discovery and limited trial purposes—namely, a liability phase of trial. All plaintiffs oppose consolidation. A reply was filed in each of the cases and a sur-reply was filed in one of the cases.

At this stage, the Court is convinced that consolidation for discovery purposes is warranted under Federal Rule of Civil Procedure 42(a). "Consolidation of discovery in the [three] cases will conserve judicial resources and avoid the risk of inconsistent rulings on certain matters, such as claims of privilege and/or confidentiality, and reduce the parties' expenses by avoiding duplicative discovery, such as duplicative depositions." *Wells v. Robinson Helicopter Co.*, No. 3:12-CV-564-CWR-FKB, 2013 WL 11836758, at *2 (S.D. Miss. Mar. 15, 2013).

The posture of the case also shows that consolidating filings into one of the cases will save the parties' time and conserve judicial resources. Three sets of motions to dismiss and motions to consolidate raising similar issues, and two motions to exclude the same expert, have been filed across these cases, prompting a flurry of substantially similar responses, replies, and occasional sur-replies. The Court will order that all future filings in these cases be filed in Civil Action No. 4:25-cv-418. *See* FED. R. CIV. P. 42(a)(3) (allowing the Court to issue "any other [consolidation] orders to avoid unnecessary cost or delay.").

---

[1]  The factual background of the case is more thoroughly set forth in the Courts's January 5, 2026 Memorandum Opinion and Order granting in part and denying in part motions to dismiss the case (Dkt. #88).

The Court is also inclined to consolidate trial, at least to some extent, but it will deny the motion without prejudice at this time.[2] *See Wells*, 2013 WL 11836758, at *2 (doing the same). The motion to certify class in Civil Action No. 4:25-cv-418 was pending when the motions to consolidate were briefed, and the order resolving that motion puts the parties on notice regarding the Court's view of causation and damages in the case, as well as the difficulties the Court sees with one universal "liability" phase in the trial. The Court will not yet decide how it will handle the issues of discriminatory intent, causation, and damages during trial.

The Motions will therefore be granted in part and denied without prejudice in part.

## CONCLUSION

It is therefore **ORDERED** that:

- In Civil Action No. 4:25-cv-418, Defendants' Joint Motion to Consolidate for Further Discovery and Trial on Liability (Dkt. #115) is hereby **GRANTED in part** and **DENIED in part**.

- In Civil Action No. 4:25-cv-467, Defendants' Joint Motion to Consolidate for Further Discovery and Trial on Liability (Dkt. #67) is hereby **GRANTED in part** and **DENIED in part**.

- In Civil Action No. 4:25-cv-774, Defendants' Joint Motion to Consolidate for Further Discovery and Trial on Liability (Dkt. #49) is hereby **GRANTED in part** and **DENIED in part**.

---

[2] The argument that Defendant should have separately moved for separate trial under Rule 42(b) rather than just consolidation under Rule 42(a) puts form over substance. Defendant cites Rule 42(b), so the matter is fairly raised.

3

It is further **ORDERED** that all three cases in the above-styled caption are **CONSOLIDATED for purposes of discovery**.

It is further **ORDERED** that the request to consolidate the cases for purposes of trial is **DENIED without prejudice**.

It is further **ORDERED** that all future filings in the above-styled cases shall be filed in *Johnson, et al. v. Providence Homeowners Association, et al.*, Civil Action No. 4:25-cv-418.

It is further **ORDERED** that any motion for separate trial filed in the case must be filed within **fourteen days** of the issuance of this Order.

It is further **ORDERED** that the parties shall submit a joint proposed scheduling order consolidating the remaining pretrial deadlines within **fourteen days** of the issuance of this Order.

**IT IS SO ORDERED.**

**SIGNED this 24th day of July, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE